UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HYPER ICE, INC. AND                        CASE NO.:
HYPERICE IP SUBCO, LLC.

       *Plaintiffs*,

v.

GUANGZHOUJUYIKUAJINGDIANZISHANG
WUYOUXIANGONGSI d/b/a JYSHOP LLC

       *Defendant*

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs HYPER ICE, INC. and HYPERICE IP SUBCO, LLC. ("Plaintiff" or "Hyperice"), by and through undersigned counsel, hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq*. arising from Defendant, GUANGZHOUJUYIKUAJINGDIANZISHANGWUYOUXIANGONGSI d/b/a JYSHOP LLC's (hereinafter "Defendant" or "JYSHOP") making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, unauthorized and unlicensed products that infringe Hyperice's U.S. Patent No. 11,857,482 (the "Hyperice Patent" or "'482 Patent").

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the patent infringement claims arising under the patent laws of the United States pursuant to 28 U.S.C. § 1338(a) and the supplemental jurisdiction of the Court as provided in 28 U.S.C. § 1367.

3.     Defendant is subject to personal jurisdiction in this district because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in Florida,

and/or derives substantial revenue from its business transactions in Florida and/or otherwise avail itself of the privileges and protections of the laws of the State of Florida such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's illegal and infringing actions caused injury to Plaintiff in Florida such that Defendant should reasonably expect such actions to have consequences in Florida, for example:

    a.  Upon information and belief, Defendant was and/or is systematically directing and/or targeting its business activities at consumers in the U.S., including Florida, through accounts with online marketplace platforms such as Amazon.com ("Amazon"), as well as any and all as yet undiscovered accounts and platforms, through which consumers in the U.S., including Florida, can view one or more of Defendant's Amazon storefronts connected to its Amazon user account that Defendant operates, use to communicate with Defendant regarding its infringing listings and/or Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Florida, as a means for establishing regular business with the U.S., including Florida;.

    b.  Upon information and belief, Defendant is a sophisticated seller, operating one or more commercial businesses through its Amazon user account, using its Amazon storefront to make, use, offer for sale, sell and/or import into the United States for subsequent sale or use products, including the Infringing Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Florida;

    c.  Upon information and belief, Defendant accepts payment in U.S. Dollars and offers

2

shipping to the U.S., including to Florida;

    d.   Upon information and belief, Defendant has transacted business with consumers located in the U.S., including Florida, for the sale and shipment of Infringing Products; and

    e.   Upon information and belief, Defendant is aware of Plaintiff, its products and the Hyperice Patent, and is aware that its illegal infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in Florida.

4.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(b).

## THE PARTIES

5.    Hyper Ice, Inc. is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

6.    Hyperice IP Subco, LLC. is a limited liability company organized under the laws of the State of Delaware.

7.    Hyperice IP Subco, LLC, a wholly owned subsidiary of Hyper Ice, Inc., is the assignee and owner of the Hyperice Patent. Hyper Ice, Inc. is the exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the Hyperice Patent.

8.    Upon information and belief, Defendant JYSHOP is a merchant on Amazon, and owner of the JYSHOP LLC storefront ("Amazon Storefront") through which Defendant offered for sale and/or sold Infringing Products under at least, ASIN B0CP3K8G9X ("Infringing ASIN"), with a principal place of business in China.

## GENERAL ALLEGATIONS
### Plaintiff and the Hyperice Patent and Products

9.    Hyperice was founded in 2011 and is the leading provider of innovative technology

for the recovery, mobility, and improved performance of muscles and joints.

10.     The Hyperice Patent is entitled "Massage Device Having Variable Stroke Length" issued on January 2, 2024, as patent number 11,857,482, claiming priority to Application No. 14/317,573, filed on June 27, 2014, and Provisional Application No. 61/841,693, filed on July 1, 2013. Philip C. Danby and John Charles Danby are the named inventors of the Hyperice Patent. A true and correct copy of the Hyperice Patent is attached hereto as **Exhibit 1**.

11.     Since 2018, Hyperice has developed, arranged for the manufacture of, offered for sale, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and Hypervolt 2 Pro (collectively, the "Hypervolt Products"), all of which are covered by one or more claims of the Hyperice Patent.

12.     Hyperice sells multiple product lines under the Hyperice brand, including its Hypervolt Products (collectively, the "Hyperice Products") to consumers in over sixty countries.

13.     In 2021, Hyperice was recognized by Fast Company as one of the World's Most Innovative Companies.

14.     Plaintiff has gone to great lengths to protect its interests in the Hyperice Products, including the Hypervolt Products, as well as the Hyperice Patent. No one other than Plaintiff and its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale or sell any goods covered by the Hyperice Patent, without the express permission of Plaintiff.

## Amazon and Defendant's User Accounts

15.     Amazon is an online marketplace and e-commerce platform that allows manufacturers, wholesalers and other third-party merchants, like Defendant, to advertise,

distribute, offer for sale, sell and ship their wholesale and retail products originating from China[1] directly to consumers worldwide and specifically to consumers residing in the U.S., including Florida.

16.   Amazon is recognized as one of the leaders of the worldwide e-commerce and digital retail market and the company's net sales were $169.9 billion in the fourth quarter of 2023.[2] Sales to the U.S. make up a significant percentage of the business done on Amazon.[3] As of September 27, 2023, Amazon had a market capital of $1.84 trillion, making it the fourth most valuable company in the U.S.[4]

17.   Many of the third-party merchants that have User Accounts with and operate Merchant Storefronts on Amazon, like Defendants, are located in China, who recently accounted for nearly half of all businesses on Amazon.[5]

18.   In Q4 of 2023, third party merchants, like Defendants, generated $43.56 billion, accounting for 61% of Amazon's sales.[6]

19.   Amazon aggressively uses the Internet and television, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly in the U.S. In 2023 alone, Amazon spent $44.4 billion on marketing, up from $42.3

[1] See Juozas Kaziukenas, Chinese Sellers Are Building Brands on Amazon, MARKETPLACE PULSE (Dec. 6, 2018), https://www.marketplacepulse.com/articles/chinese-sellers-are-building-brands-on-amazon.
[2] Amazon's Record Earnings in 2023 Propelled by Strong Fourth-Quarter Results, MSN (Mar. 8, 2024), www.msn.com/en-us/money/companies/amazon-s-record-earnings-in-2023-propelled-by-strong-fourth-quarter-results/ar-BB1ijMBv
[3] See Amazon.com, Inc., Quarterly Results Q4 Earnings (Form 10-K) (Feb. 1, 2024).
[4] STOCK ANALYSIS (last visited Mar. 8, 2024), https://stockanalysis.com/stocks/amzn/market-cap/.
[5] John Herrman, The Junkification of Amazon Why does it feel like the company is making itself worse?, NEW YORK MAGAZINE (Jan. 30, 2023), https://nymag.com/intelligencer/2023/01/why-does-it-feel-like-amazon-is-making-itself-worse.html.
[6] Daniela Coppola, Quarterly value of Amazon third-party seller services 2017-2023, STATISTA (Feb 8, 2024), https://www.statista.com/statistics/1240236/amazon-third-party-seller-services-value/#:~:text=Amazon%27s%20net%20sales%20generated%20through%20its%20third-party%20seller,fees%20and%20other%20services%20related%20to%20third-party%20sellers.

billion the previous year.[7]

20.     As reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Amazon,[8] and as recently addressed in news reports, an astronomical number of counterfeit and infringing products are offered for sale and sold on Amazon at a rampant rate.[9]

21.     Defendant is located in China but conducts business in the U.S. by means of its User Accounts and on its Merchant Storefronts on Amazon, as well as potentially yet undiscovered additional online marketplace platforms.

22.     Through its Merchant Storefronts, Defendant offers for sale and/or sells consumer products, including Infringing Products, and targets and ships such products to customers located in the U.S., including Florida, and throughout the world.

### Defendant and its Infringing Products

23.     Defendant is not, and has never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to make, use, offer for sale, sell and/or import into the United States for subsequent sale or use the Hypervolt Products or the Hyperice Patent.

24.     Defendant is directly and/or indirectly developing, designing, manufacturing,

---

[7]Daniela Coppola, *Worldwide Amazon marketing expenditure 2010-2023,* STATISTA (Feb 8, 2024), https://www.statista.com/statistics/506535/amazon-marketing-spending/#:~:text=In%20the%20fiscal%20year%202023%2C%20Amazon%E2%80%99s%20marketing%20spendi ng,42.3%20billion%20U.S.%20dollars%20in%20the%20previous%20year, Daniela Coppola, Share of paid units sold by third-party sellers on Amazon platform from 2nd quarter 2007 to 4th quarter 2023, STATISTA (Feb 8, 2024), https://www.statista.com/statistics/259782/third-party-seller-share-of-amazon-platform/.
[8] *See, e.g., Apple Inc. v. Mobile Star LLC,* No. C17-1120 RAJ (W.D. Cal. Aug. 4, 2017) and *Diamler AG v. Amazon.com, Inc.*, 16-cv-00518-RSM (W.D. Wash. Mar. 11, 2019).
[9] Brittney Myers, *Some Shoppers Are Fleeing Amazon Because of Counterfeit Goods*, THE ASCENT (Jan. 17, 2023), https://www.fool.com/the-ascent/personal-finance/articles/some-shoppers-are-fleeing-amazon-because-of-counterfeit-goods/; *see* Brendan Case, *Amazon, Third-Party Sellers Spur Fake Goods, Group Says*, BLOOMBERG (Oct. 13, 2021), https://www.bloomberg.com/news/articles/2021-10-13/amazon-third-party-sellers-spur-counterfeit-boom-group-says#xj4y7vzkg.

importing, distributing, marketing, offering to sell and/or selling products, which infringe one or more claims of the Hyperice Patent under the brand name "Morelax Gun" ("Infringing Products") at the very least, through its Amazon Storefront under the Infringing ASIN.

25.     Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope of its illegal and infringing operations.

26.     Hyperice is forced to file this action to combat the harm to its business caused by Defendant's infringement of the Hyperice Patent, as well as to protect unknowing consumers from purchasing the Infringing Products sold by Defendant.

## CAUSES OF ACTION
## COUNT I
### UTILITY PATENT INFRINGEMENT
### (35 U.S.C. § 271)

27.     Hyperice incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

28.     Defendant has infringed and continues to infringe the '482 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq.* literally and/or under the doctrine of equivalents. Defendant offers for sale and/or sell the Infringing Products at issue in this case.

29.     Defendant infringes at least Claim 1 of the '482 Patent, as detailed in the claim chart, (*See* Declaration of Brian Arnold in support of Motion for TRO and Exhibit 2 attached thereto)[10].

30.     Defendant offers for sale and/or sells Infringing Products, which are battery-powered percussive massagers that include all the claim limitations found in at least claim 1 of the

---

[10] Plaintiffs have concurrently filed an *Ex Parte* Application for Entry of a Temporary Restraining Order, Including a Temporary Injunction, A Temporary Asset Restraint and Expedited Discovery.

'482 Patent.

31.     The Infringing Products literally meet the limitations of claim 1 of the '482 Patent for the devices identified in the Exhibit 2 to the Declaration of Brian Arnold.

32.     If any of the limitations are not literally met, the Infringing Products meet the limitations under the doctrine of equivalents, because they perform substantially the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the infringing products are insubstantially different from the claimed limitation. Namely, the following limitations found in claim 1 of the '482 Patent:

a.  a housing;

b.  a piston having a proximal end and a distal end, the distal end of the piston having a substantially cylindrical bore;

c.  a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;

d.  a drive mechanism that controls a predetermined stroke length of the piston; and

e.  a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

33.     Defendant's infringement of the '482 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty

pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

34.     As a result of Defendant's infringement of the '482 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '482 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy at law and is entitled to a permanent injunction against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment on all Counts of this Complaint and an award of equitable and monetary relief against Defendant as follows:

1.     That this Court enter judgment of infringement of the '482 Patent in favor of Hyperice and against Defendant;

2.     That this Court enter a permanent injunction against Defendant from infringing the '482 Patent;

3.     That this Court award Hyperice compensatory damages for infringement of the '482 Patent, as well as interest thereon;

4.     That this Court award Hyperice its costs of this suit;

5.     That this Court award Hyperice increased damages in an amount not less than three times the damages assessed for Defendant's infringement of the '482 Patent, in accordance with 35 U.S.C. §284.

6.     That this Court declare this an exceptional case under 35 U.S.C. §285 and award Hyperice its attorneys' fees and any other costs incurred in connection with this action;

7.      That this Court award Hyperice prejudgment and post-judgment interest; and

8.      That this Court grant such further relief as the Court deems just and proper.

## **JURY DEMAND**

Hyperice demands a trial by jury of all issues so triable.

Dated: June 5, 2024         Respectfully submitted,

                                     */s/ Kenneth W. Cohen*
                                     Kenneth W. Cohen (FL Bar No. 0030185)
                                     EPSTEIN DRANGEL LLP
                                     60 East 42nd Street, Suite 1250
                                     New York, NY 10165
                                     Tel: (305) 978-9914
                                     Kcohen@ipcounselors.com
                                     *Counsel for Plaintiffs*