**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-22169-ALTMAN/Goodman**

**HYPER ICE, INC. AND
HYPERICE IP SUBCO, LLC,**

    *Plaintiffs*,

v.

**GUANGZHOUJUYIKUAJINGDIANZISHANG
WUYOUXIANGONGSI d/b/a JYSHOP LLC,**

    *Defendant*.

_____/

**<u>ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION</u>**

    THIS CAUSE comes before the Court upon the Plaintiffs' *ex parte* motion for a preliminary injunction. *See* Plaintiff's *Ex Parte* Application for a Temporary Restraining Order, a Temporary Asset Restraint, Alternative Service, and Expedited Discovery (the "Application") [ECF No. 4] at 5–10. The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises.

    The Plaintiffs HYPER ICE, INC., and HYPERICE IP SUBCO, LLC (collectively, "Hyperice" or the "Plaintiffs") move for entry of a preliminary injunction against the Defendant, and an entry of an order restraining the financial accounts used by the Defendant, pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act. *See id.* at 1. The Court convened a preliminary injunction hearing on June 21, 2024, at which only counsel for the Plaintiffs was present and available to present evidence to support the Application. *See* June 21, 2024, Paperless Minutes Entry [ECF No. 13]. Because the Plaintiffs have satisfied the requirements for the issuance of a

preliminary injunction, the Application for a preliminary injunction is **GRANTED** as against the Defendant.

## THE FACTS

The Plaintiffs are the owner and exclusive licensee of all exclusive rights in the patent for the Hyperice Product, namely U.S. Patent No. 11,857,482 (the "Hyperice Patent"). *See* Declaration of Brian Arnold ("Arnold Decl.") [ECF No. 4-2] ¶ 5.

The Defendant, through its e-commerce stores, including one or more storefronts on the Amazon US online marketplace platform ("Amazon"), has advertised, promoted, offered for sale, or sold goods that utilize the technology and invention claimed by the Hyperice Patent (the "Infringing Products"). *See id.* ¶¶ 10–16.

The Defendant is not now, nor has it ever been, authorized or licensed to use the Hyperice Patent, and the Defendant is not an authorized retailer or distributor of genuine Hyperice Products (the "Infringing Products"). *See id.* ¶ 17.

Hyperice investigated the promotion and sale of products on the Amazon Marketplace that are offering for sale and selling infringing, unauthorized versions of the Hyperice Products. *See id* ¶¶ 10–16. Hyperice ordered Infringing Products through the Amazon online marketplace and completed a checkout page confirming that each product could be shipped to an address anywhere in the United States, including this district. *See id.* ¶ 16. Hyperice conducted a review and prepared claim charts of the Infringing Products, from the orders received through Amazon, showing that the Infringing Products infringe at least claim 1 of the Hyperice Patent. *See id.* ¶ 13; Claim Chart [ECF No. 5-1].

## THE LAW

To obtain a preliminary injunction a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4)

that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

## ANALYSIS

The materials submitted by the Plaintiffs in conjunction with their Application support the following conclusions of law:

A. The Plaintiffs have a strong probability of proving at trial that the products the Defendant is selling and promoting for sale utilize the technology of one or more claims in the Hyperice Patent.

B. Because of the infringement of the Hyperice Patent, the Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiffs' Complaint, Application, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that: (i) the Defendant owns or controls e-commerce stores, including one or more storefronts on Amazon, which advertise, promote, offer for sale, and sell Infringing Products in violation of Plaintiffs' respective rights; and (ii) there is good cause to believe that more Infringing Products will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiffs will suffer loss of not only sales but to its reputation for its genuine Hyperice Products.

C. The balance of potential harm to the Defendant in restraining their trade in Infringing Products if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiffs, their exclusive rights as to the Hyperice Patent, their reputation, and their goodwill as manufacturers and distributors of quality products, if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiffs' patent interests and protect the public from being defrauded by the selling of inferior versions of the Hyperice Products.

E. The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. The Defendant was served and provided with ample opportunity to appear and oppose Plaintiff's Motion for Preliminary Injunction and did not do so.

H. In light of the inherently deceptive nature of online sellers with offshore accounts and the likelihood that the Defendant has violated federal patent laws, the Plaintiffs have good reason to believe the Defendant will hide or transfer its ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## PRELIMINARY INJUNCTION ORDER

(1) The Temporary Restraining Order (the "TRO") previously granted in the June 10, 2024, Omnibus Order [ECF No. 7] will remain in place through the pendency of this litigation. This Preliminary Injunction Order (hereinafter, the "PI Order") is warranted under FED. R. CIV. P. 65.

(2) The Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products not authorized by the Plaintiffs and that utilize the technology of one or more claims in the Hyperice Patent;

4

  b.  Aiding, abetting, contributing to, or otherwise assisting anyone in infringing, directly or indirectly, the Hyperice Patent; and

  c.  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(3) The Defendant shall not transfer ownership of the entity that conducts business with Amazon online during the pendency of this action, or until further order of the Court;

(4) Upon the Plaintiffs' request, the Defendant is ordered to disclose to the Plaintiffs the true identities and contact information of the Defendant and any related registrants that conduct business with Amazon;

(5) Within five (5) days of receipt of notice of this Order, the Defendant and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services for the Defendant, including but not limited to Amazon, with their related companies and affiliates (together, the "Third Party Providers"), shall:

  a.  Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of funds and disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.

  b.  Provide the Plaintiffs expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with Amazon operating under the Defendant names and/or online marketplace accounts and storefronts, as well as any

other accounts operated by the Defendant; (ii) the identity and location of the Defendant, including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub- account(s) for which the restrained funds are related; and (iv) information concerning sales of any Infringing Products made by the Defendant.

(6) The Defendant or any financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(7) This order shall remain in effect during the pendency of this action, or until further order of this court.

(8) Pursuant to FED. R. CIV. P. 65(c), the Plaintiffs shall maintain its previously posted bond in the amount of Five Thousand Dollars and Zero Cents ($5,000), as payment of damages to which the Defendant may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should application be made in the interest of justice.

\* \* \*

**DONE AND ORDERED** in the Southern District of Florida on June 25, 2024.

 

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record